# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCIAL CREDIT GROUP INC., a Delaware Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>NO LIMIT LOGISTICS, INC., a California Corporation, and OUPKARPREET SINGH JUGPAL,<br><br>  Defendants. | Case No. 1:21-cv-00936-NONE-SKO<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR STAY OF PROCEEDINGS**<br><br>(Doc. 10) |

On June 11, 2021, Plaintiff Commercial Credit Group, Inc. ("Plaintiff") filed a complaint for claim and delivery against Defendants No Limit Logistics, Inc., and Oupkarpreet Singh Jugpal (collectively, "Defendants"). (Doc. 1.) On August 3, 2021, Plaintiff filed a motion for a stay of proceedings, requesting a stay because an arrest warrant for Defendant Jugpal has been issued by the Superior Court of Fresno County in case number M20925517 and neither law officials nor Plaintiff's process servers have been able to locate Jugpal to date. (Doc. 10.)

A district court possesses the inherent power to control its own docket and calendar. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citations omitted). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of

independent proceedings which bear upon the case." *Id.* (quoting *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979), *cert. denied,* 444 U.S. 827 (1979)).  In deciding whether to grant a stay, the Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  "A stay may be granted regardless of whether the separate proceedings are 'judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Ramirez v. City of Bakersfield*, No. 1:19–CV–01413–DAD–JLT, 2020 WL 5763828, at *2 (E.D. Cal. Sept. 28, 2020) (quoting *Leyva*, 593 F.2d at 864).

Based on the circumstances of this case, specifically Defendant Jugpal's disappearance, the Court finds that issuance of a stay in this action is appropriate.  This case is also in the early stages of litigation—no answer has been filed, and no scheduling order has been issued—so there would be minimal prejudice, if any, to either Defendant if the case is stayed.[1]  *See Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09–CV–0954 FCD EFB, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a stay of proceedings (Doc. 10) is GRANTED;
2. All proceedings in this case are stayed until further order of the Court;
3. The hearing on Plaintiff's Application for Writ of Possession (Doc. 8), set for August 25, 2021, is VACATED, to be reset upon resumption of the case, if appropriate;
4. The initial scheduling conference, currently set for August 31, 2021, is CONTINUED to October 28, 2021, at 9:45 a.m., before Magistrate Judge Sheila

---

[1] Indeed, it is unclear whether Defendants have even been served, as Plaintiff has not filed any proofs of service on the docket to date.

K. Oberto. The parties shall file their joint scheduling report by no later than seven (7) days prior to the conference; and

5. Plaintiff shall file a status report apprising the Court of the status of Defendant Jugpal by no later than October 1, 2021, and every 60 days thereafter. If Defendant Jugpal is either located or brought into custody pursuant to the warrant for his arrest prior to the date on which a status report is due, Plaintiff shall notify the Court immediately.

IT IS SO ORDERED.

Dated: **August 13, 2021**                    */s/ Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE