# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCIAL CREDIT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> NO LIMIT LOGISTICS, INC., et al., <br><br> Defendants. <br> _____/ | Case No. 1:21-cv-00936-JLT-SKO <br><br> **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL** <br><br> (Docs. 52, 55) <br><br> **TWENTY-ONE DAY DEADLINE** |

On June 11, 2021, Plaintiff Commercial Credit Group, Inc. ("Plaintiff") filed the complaint in this action against No Limit Logistics, Inc. and Oupkarpreet Singh Jugpal (collectively, "Defendants"). (Doc 1.) On October 19, 2022, Plaintiff filed an Ex Parte Motion for Entry of Default Judgment against Defendants (the "Motion"). (Doc. 42.) The next day, the Court issued a minute order setting forth the deadlines for responses in opposition to the Motion and an optional reply brief, and directed Plaintiff to file on the Court's docket proofs of service upon Defendants of (1) the Motion and (2) the instant minute order. (Doc. 43.)

Over the following five months, Plaintiff filed multiple status reports detailing its inability to serve Defendant Jugpal. (*See* Docs. 44, 47, 49, 51, 54.) To afford Plaintiff more time to serve Defendants so they had adequate notice of the Motion, the Court continued the deadlines for briefing on the Motion and repeatedly ordered Plaintiff to file proof of service of a copy of the Motion on

Defendants.  (*See* Docs. 45, 48, 50, 52.)  In response to Plaintiff's latest status report (Doc. 54), the Court ordered Plaintiff once more to file proof of service of a copy of the Motion on Defendants by no later than April 24, 2023.  (Doc. 55.)  To date, no proof of service of the Motion has been filed.  (*See* Docket.)

Additionally, in one of its status reports, Plaintiff requested permission to serve Defendant Jugpal via alternate service under Federal Rule of Civil Procedure 5(b)(2)(D).  (*See* Doc. 51 at 2.)  The Court afforded Plaintiff twenty-one (21) days to file a motion for alternate service under Rule 5(b)(2)(D) in which Plaintiff could set forth its efforts to serve Defendant Jugpal.  (Doc. 52.)  To date, Plaintiff has not filed a motion for alternate service.  (*See* Docket.)

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, <u>within twenty-one (21) days of the date of service of this Order</u>, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's order and for failure to prosecute this case.**  Alternatively, within that same time period, Plaintiff may file proof of service of the Motion on Defendants, a motion for alternate service, or a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if it fails to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to a presiding district court judge that this action be

2

dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at its address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **May 24, 2023**                    /s/ *Sheila K. Oberto*                  
                                                        UNITED STATES MAGISTRATE JUDGE

3