# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCIAL CREDIT GROUP, INC., | Case No. 1:21-cv-00936-JLT-SKO |
| Plaintiff, | |
| v. | **ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS** |
| NO LIMIT LOGISTICS, INC., et al., | (Docs. 56 & 57) |
| Defendants. | |
| _____ / | |

On June 11, 2021, Plaintiff Commercial Credit Group, Inc. ("Plaintiff") filed the complaint in this action against No Limit Logistics, Inc. and Oupkarpreet Singh Jugpal (collectively, "Defendants"). (Doc 1.) On October 19, 2022, Plaintiff filed an Ex Parte Motion for Entry of Default Judgment against Defendants (the "Motion"). (Doc. 42.) The next day, the Court issued a minute order setting forth the deadlines for responses in opposition to the Motion and an optional reply brief, and directed Plaintiff to file on the Court's docket proofs of service upon Defendants of (1) the Motion and (2) the instant minute order. (Doc. 43.)

Over the following five months, Plaintiff filed multiple status reports detailing its inability to serve Defendant Jugpal. (*See* Docs. 44, 47, 49, 51, 54.) To afford Plaintiff more time to serve

Defendants so they had adequate notice of the Motion, the Court continued the deadlines for briefing on the Motion and repeatedly ordered Plaintiff to file proof of service of a copy of the Motion on Defendants.  (*See* Docs. 45, 48, 50, 52.)  In response to Plaintiff's latest status report (Doc. 54), on March 27, 2023, the Court ordered Plaintiff once more to file proof of service of a copy of the Motion on Defendants by no later than April 24, 2023.  (Doc. 55.)  The Court also continued the deadline for any opposition to the Motion to May 8, 2023, and any reply in support of the Motion to May 18, 2023.  (*Id.*)  To date, no proof of service of the Motion has been filed.  (*See* Docket.)

Additionally, in one of its status reports, Plaintiff requested permission to serve Defendant Jugpal via alternate service under Federal Rule of Civil Procedure 5(b)(2)(D).  (*See* Doc. 51 at 2.)  The Court afforded Plaintiff twenty-one (21) days to file a motion for alternate service under Rule 5(b)(2)(D) in which Plaintiff could set forth its efforts to serve Defendant Jugpal.  (Doc. 52.)  To date, Plaintiff has not filed a motion for alternate service.  (*See* Docket.)

On May 25, 2023, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for its failure to comply with the Court's orders and for failure to prosecute this case.  (Doc. 56.)  Plaintiff was warned in the OSC that the failure to comply with the Court's order would result in a recommendation to the presiding district judge that this action be dismissed in its entirety.  (*Id.*) The same day, Plaintiff filed a reply to the OSC stating that its failure to comply with the Court's March 27, 2023, minute order was due to counsel's calendaring mistakes, and that counsel was made aware of these calendaring mistakes upon receiving the OSC.  (Doc. 57.)  Counsel contends Plaintiff has not failed to prosecute this matter, and requests an extension of time until June 15, 2023, to file proof of service of the Motion on Defendants.  (*Id.*; *see id.* at 1 (Plaintiff "hereby commits to filing on or before June 15, 2023 the necessary default pleadings to allow the Court to calendar a Default Judgment hearing date in this action.").)

In view of good cause shown, the Court will DISCHARGE the OSC and permit Plaintiff another opportunity to effectuate service in this case and to file a proof of service.  Accordingly, IT IS HEREBY ORDERED that:

1. The OSC entered on May 25, 2023 (Doc. 56) is DISCHARGED;

2. Plaintiff is granted until June 15, 2023, to effectuate service on Defendants and to file a proof of service on this Court's docket.

IT IS SO ORDERED.

Dated: __**May 30, 2023**__         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

3