1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCIAL CREDIT GROUP, INC., | Case No.  1:21-cv-00936-JLT-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT AND APPLICATION FOR WRIT OF POSSESSION BE GRANTED** |
| v. | |
| NO LIMIT LOGISTICS, INC., et al., | |
| Defendants. | (Docs. 28, 65) |
| _____/ | **OBJECTIONS DUE: 21 DAYS** |

## I.    INTRODUCTION

On June 13, 2023, Plaintiff Commercial Credit Group, Inc. ("Plaintiff") filed an amended motion for default judgment (the "Motion") against Defendant No Limit Logistics, Inc. ("Defendant No Limit Logistics") and Defendant Oupkarpreet Singh Jugpal ("Defendant Jugpal") (collectively, "Defendants"). (Doc. 65.)  No opposition to the Motion has been filed. (*See* Docket.)  The Motion is therefore deemed unopposed.  The hearing set for July 19, 2023, on the Motion was vacated and the matter was taken under submission. (Doc. 67.)

For the reasons set forth below, the undersigned RECOMMENDS that the Motion be GRANTED.[1]

## II.     FACTUAL BACKGROUND[2]

Plaintiff provides heavy equipment and accounts receivable financing to construction, manufacturing, transportation, and waste industries.  (Doc. 1 ("Compl.") ¶ 2.)  Defendant Jugpal is the president of Defendant No Limit Logistics and signed the agreement that serves as the basis for this litigation.  (Compl. ¶¶ 3–4.)

On October 29, 2018, Defendants entered into an agreement for a loan secured by personal property collateral from Plaintiff.  (Compl. ¶¶ 1, 8; *see also* Ex. 1 pp. 1–5; Ex. 2 at p. 1.)  According to the terms of the agreement, Defendant granted Plaintiff a lien in collateral consisting of three 2016 Utility Reefer Trailers with Carrier 7400Xs identified as follows: (1) VIN No. 1UYVS2538GU406823 with Carrier serial no. 0615UA4116; (2) VIN No. 1UYVS2534GU406821 with Carrier serial no. 0115UO6477; and (3) VIN No. 1UYVS2532GU406817 with Carrier serial no. 0115U06550 ("the Trailers").  (Compl. ¶¶ 1, 8, 12; *see also* Ex. 1 pp. 1–5; Ex. 2 at p. 1.) The Trailers have a combined approximate total value of $185,850 based on market comparisons for trailer models of similar type and age.  (Comp. ¶ 11.)

The agreement provided that Defendants would pay Plaintiff in consecutive monthly installments.  (Ex. 1 at p. 1.)  The first installment was due on October 29, 2018, the second installment was due on December 15, 2018, and each consecutive installment thereafter was due on the same date of each month until the total amount of the debt was paid in full.  (*Id.*)  The agreement also set forth the rates for charges as to late installments and interest upon default.  (*Id.*)

Pursuant to the agreement, Plaintiff filed a UCC Financing Statement on November 1, 2018.  (Compl. ¶ 9; Ex. 3 at pp. 1–2.)  Each Trailer's Certificate of Title issued by the State of California listed Plaintiff as the registered lienholder, thereby confirming Plaintiff's security interest in the

---

[1] The motion for default judgment is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations to the assigned district judge.  *See* 28 U.S.C. § 636(b)(1)(B).

[2] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the factual background is based on the allegations of the complaint.  (*See* Doc. 1.)

Trailers as collateral and the lien pursuant to the agreement between the parties.  (Compl. ¶ 9; Ex. 4 at pp. 1–3.)

Almost immediately after signing the agreement, Defendants stopped making the monthly payments.  (Compl. ¶ 10.)  The last payment by Defendants was received on January 15, 2019, and was applied to the past-due installment due on the December 15, 2018.  (*Id*.)  The loan remained past due for the installment due on January 15, 2019, and for all subsequent payments.  (*Id*.)  On April 9, 2019, Plaintiff demanded payment of the outstanding amounts, but Defendants failed to make any payment.  (*Id*.)

### III.   PROCEDURAL BACKGROUND

Plaintiff filed a complaint against Defendants on June 11, 2021.  The complaint asserts one claim for possession of personal property, the Trailers, and the prayer for relief seeks possession of the Trailers, as well as time, energy, and costs incurred in pursuing recovery of the Trailers "according to proof," for costs of suit incurred, and for such other relief as the Court may deem proper.  (Doc. 1 at 4.)  On August 28, 2022, Plaintiff filed a notice of application for writ of possession as to the three Trailers.  (Doc. 28.)  Defendants were served with the complaint and the writ of possession on September 13, 2022.  (*See* Docs. 34–37.)  Neither Defendant has filed an answer or taken any action expressing an intent to defend against the lawsuit.  (*See* Docket.)

Plaintiff requested entry of default against Defendants on October 12, 2022, which was entered by the Clerk of Court that same day.  (*See* Docs. 40, 41.)  Plaintiff then filed its original motion for default judgment on October 19, 2022 ("the Original Motion").  (Doc. 42.)  The next day, the Court issued a minute order setting forth the deadlines for responses to the Original Motion, and directed Plaintiff to file on the Court's docket proofs of service upon Defendants of (1) the Original Motion and (2) the minute order.  (Doc. 43.)

Over the following months, Plaintiff filed multiple status reports detailing its inability to serve Defendant Jugpal.  (*See* Docs. 44, 47, 49, 51, 54.)  To afford Plaintiff more time to serve Defendants, the Court continued the deadlines for briefing on the Original Motion and repeatedly ordered Plaintiff to file proof of service of a copy of the Original Motion on Defendants.  (*See* Docs. 45, 48, 50, 52, 55.)  The Court also granted Plaintiff's request to file a motion for alternate service

under Federal Rule of Civil Procedure 5(b)(2)(D), setting forth its efforts to serve Defendant Jugpal. (Doc. 52.)  Plaintiff filed neither a proof of service of the Original Motion nor a motion for alternate service under Rule 5(b)(2)(D).  (*See* Docket.)

On May 25, 2023, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for its failure to comply with the Court's orders and for failure to prosecute this case.  (Doc. 56.)  Upon receipt of Plaintiff's reply to the OSC (Doc. 57), the Court discharged the OSC and granted Plaintiff's request for an extension of time to serve Defendants.  (Doc. 59.)

Plaintiff filed the present Motion on June 13, 2023, requesting that the Court award Plaintiff possession of the Trailers.[3]  (Doc. 65.)  No opposition to the Motion has been filed.  (*See* Docket.) In the Motion, Plaintiff contends that service of the Motion on Defendants is not required under Federal Rule of Civil Procedure 5(a)(2) and Local Rule 135(d) because Defendants were served with the complaint, they have failed to appear, they are in default, and the Motion does not assert a new claim against them.[4]  (*Id*. at 2.)  In support of the Motion, Plaintiff also filed a declaration from its attorney, Douglas Smurr (Doc. 65 at 9–10 ("Smurr Decl.")), and a declaration from Sonia Zahid, Plaintiff's Assistant Vice President for Operations (Doc 65 at 11–14 ("Zahid Decl.")), which was executed on June 1, 2021.

In the declaration, Sonia Zahid states that Defendants are wrongfully withholding the Trailers, and since the Trailers are being used for interstate transportation of long distance trucking, Plaintiff is unaware of the Trailers' location.  (Zahid Decl. ¶¶ 8, 10.)  Sonia Zahid further states that the Trailers have not been taken for a tax, assessment, or fine pursuant to statute, and have not been seized under an execution against Plaintiff's property.  (Zahid Decl. ¶ 11.)  Sonia Zahid states that

---

[3] The Court granted Plaintiff's request to withdraw its initial amended motion for default judgment filed on June 7, 2023.  (*See* Doc. 67.)

[4] Federal Rule of Civil Procedure 5(a)(2) provides that "[n]o service is required on a party who is in default for failing to appear," except where a pleading asserts a new claim for relief.  Here, Defendants were served with the complaint and failed to respond to that pleading or otherwise participate in this action, and the Motion does not assert a new claim for relief.  Accordingly, the undersigned finds that Plaintiff properly served Defendants.  *See Acosta v. Perez*, No: 1:19-cv-01224-AWI-EPG, 2021 WL 3910543, at *4 (E.D. Cal. Sept. 1, 2021); *see also Trujillo v. Malwa Food Mart Inc*., No: 1:21-cv-01580-AWI-BAM, 2022 WL 1214849, at *2 n.1 (E.D. Cal. Apr. 25, 2022) (service of the motion for default judgment "is not required on a party who is in default for failing to appear.") (citing Fed. R. Civ. P. 5(a)(2)).

Defendants' possession of the Trailers, and the continued failure to turn over the property to Plaintiff or provide their current location, has caused Plaintiff loss of revenue due to the Trailers' depreciation.  (Zahid Decl. ¶ 12.)

## IV.    DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 55(b)(2) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a).  It is within the sole discretion of the Court as to whether default judgment should be entered.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment.  *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986).  Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See id.*  "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo–Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

### B.    The *Eitel* Factors Favor Entry of Default Judgment

In considering Plaintiff's Motion, the undersigned will address each of the *Eitel* factors in turn below.

#### 1.    Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether Plaintiff would suffer prejudice if default were not entered.  If the Motion is not granted, Plaintiff will effectively be denied a remedy until Defendants participate and make an appearance in the litigation, which may never occur.  *See Gilbert v.*

*Muthana*, No. 1:21-cv-01333-JLT-SKO, 2022 WL 2208513, at *3 (E.D. Cal. June 21, 2022). "Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor." *Id.* (quoting *Philip Morris.*, 219 F.R.D. at 499 ("prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment)).  The undersigned finds that this factor weighs in favor of default judgment. *See id.*, *adopted by*, 2022 WL 2918326 (E.D. Cal. July 25, 2022).

### 2.     Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

The second and third *Eitel* factors, relating to the merits of Plaintiff's claims and the sufficiency of the complaint, can be discussed in tandem. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").  "[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Here, the merits of Plaintiff's claims and the sufficiency of the complaint favor entry of default judgment.

"Claim and delivery" is a California state law remedy identical to the federal remedy known as replevin; it is "a method of recovering property that is wrongfully being withheld by another." *Trans Pacific Nat. Bank v. UBS AG*, 2010 WL 2354165, No. C 09–4617 SBA, 2010 WL 2354165, at *4 (N.D. Cal. June 9, 2010); *see also Penske Truck Leasing Co., L.P. v. I-10 Towing & Recovery, Inc.*, No. EDCV 18-2547 JGB (SPx), 2019 WL 6736905, at *3 (C.D. Cal. Mar. 11, 2019). "Claim and delivery is not a separate action but is a remedy that permits a prevailing party to recover both specific property and incidental damages." *Xerox Corp. v. AC Square, Inc.*, No. 15-cv-04816-DMR, 2016 WL 5898652, at *3 (N.D. Cal. Sept. 1, 2016).  "To be entitled to this remedy, the plaintiff must show (1) that it has a right to possess the equipment in question and (2) that [the defendant] is in wrongful possession of the equipment." *Commercial Credit Grp. Inc. v. SHR Transport, Inc.*, No. 2:21-cv-01020 JAM AC, 2022 WL 8048993, at *3 (E.D. Cal. Oct. 14, 2022) (citations omitted).  Here, Plaintiff has attached documents consisting of the loan agreement, the UCC Financing Statement, each Trailer's Certificate of Title, and the declaration of Sonia Zahid to

1  the complaint and the Motion showing its right to possession of the property at issue and has alleged

2  that Defendants are in wrongful possession of the Trailers.  *See Commercial Credit Grp. Inc.*, 2022

3  WL 8048993, at *3.

4        According to the terms of the agreement, which is attached to the complaint, Defendants

5  assigned and granted Plaintiff a security interest and lien in personal property consisting of three

6  2016 Utility Reefer Trailers with Carrier 7400Xs, which have been identified by VIN number and

7  serial number.  (Compl. ¶¶ 1, 8, 12; Ex. 1 pp. 1–5; Ex. 2 at p. 1.)  Plaintiff filed a UCC Financing

8  Statement confirming Plaintiff's security interest in the Trailers as collateral and the lien pursuant

9  to the agreement between the parties.  (Compl. ¶ 9; Ex. 3 at pp. 1–2.)  Each Trailer's Certificate of

10 Title issued by the State of California listed Plaintiff as the registered lienholder.  (Compl. ¶ 9; Ex.

11 4 at pp. 1–3.)

12       Sonia Zahid, Plaintiff's Assistant Vice President for Operations, states that Defendants are

13 wrongfully withholding the Trailers after failing to make payments of the outstanding installments

14 owing to Plaintiff in violation of the terms of the agreement, and since the Trailers are being used

15 for interstate transportation of long distance trucking, Plaintiff is unaware of the Trailers' location.

16 Plaintiff is therefore unable to repossess the property.  (Zahid Decl. ¶¶ 8, 10.)  Sonia Zahid states

17 that Defendants have failed to turn over the Trailers to Plaintiff or to provide their current location

18 despite defaulting on the loan.  (Zahid Decl. ¶ 12.)

19       The undersigned finds that the allegations of the complaint, the attached documents, and the

20 declaration of Sonia Zahid establish the merits and sufficiency of Plaintiff's claim for claim and

21 delivery.  *See, e.g., Momentum Com. Funding, LLC v. Project Storm, LLC*, No. 2:21-cv-0981-KJM-

22 KJN, at *4–5 (E.D. Cal. July 18, 2022) (finding the plaintiff sufficiently stated a claim for claim and

23 delivery where the terms of the agreement showed plaintiff had a right to the collateral, defendant

24 defaulted on the lease, and its failure to comply with plaintiff's subsequent requests for the collateral

25 amounted to wrongful possession); *Penske Truck Leasing Co., L.P.*, 2019 WL 6736905, at *3

26 (finding the plaintiff sufficiently stated a claim for claim and delivery where the complaint alleged

27 defendant continued to have possession of the trucks, plaintiff demanded their return, and defendant

28 refused to deliver the trucks, as shown by their continued wrongful possession).  Accordingly, the

second and third *Eitel* factors weigh in favor of default judgment.

### 3.    Sum of Money at Stake in the Action

Under this *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176–77 (C.D. Cal. 2002).

As a preliminary matter, the undersigned recommends rejecting Plaintiff's contention that it is entitled to $226,102.33.   (Doc. 65 at 6.)   As noted above, the Trailers have a combined approximate total value of $185,850.00. (Comp. ¶ 11.)  In the Motion, Plaintiff references monetary requests made in the complaint, but lists possession of the Trailers as the sole remedy sought pursuant to Motion.  (*See* Doc. 65 at 8 (under the heading titled "Conclusion and Relief Requested," Plaintiff contends "Defendants have knowingly defaulted and therefore the only possibility of reaching a decision on the merits is for this Court to grant [Plaintiff's] request for default judgment awarding [Plaintiff] possession of the Trailers.").)   The Trailers were specifically identified in the agreement at issue. *See Commercial Credit Grp. Inc.*, 2022 WL 8048993, at *4; *see, e.g.*, *People's Untied Equipment Fin. Corp. v. RST Cranes*, No. 1:16–cv–00207 DAD JLT, 2016 WL 8673050, at *3 (E.D. Cal. Sept. 9, 2016) ("However, here, the plaintiff seeks only to recover the leased property. Though there is a significant amount of money at stake, that is not an issue before this Court."). Accordingly, the undersigned finds that this factor weighs in favor of granting default judgment.

### 4.    Possibility of a Dispute Concerning the Material Facts

Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute over any material fact.  *See Love v. Griffin*, No. 18-cv-00976-JSC, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018); *Ridola v. Chao,* No. 16-cv-02246-BLF, 2018 WL 2287668, at *13 (N.D. Cal. May 18, 2018).  Because Defendants have not appeared, they are not entitled to dispute the facts established by Plaintiff.  This factor favors default judgment.  *See Ramirez v. Michael Cookson Constr., Inc*., No. 1:22-cv-01623-SKO, 2023 WL 4743050, at *6 (E.D. Cal. July 25, 2023). Additionally, as noted above, Plaintiff has attached to its complaint the agreement itself, the UCC Financing Statement, and each Trailer's Certificate of Title issued by the State of California listing Plaintiff as the registered lienholder.  (*See* Compl. Ex. 1–4.)  "In light of this, there is a reduced

possibility of a dispute concerning the material facts." *See North American Co. for Life and Health Ins. V. Moua*, No. 1:22-cv-01293-SKO, 2023 WL 4409570, at *4 (E.D. Cal. July 7, 2023).

### 5.      Whether Default Was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether the default was due to excusable neglect.  There are no facts in the record to suggest, much less demonstrate, Defendants' failure to respond to the complaint or defend against the Motion is the result of excusable neglect.  This factor, therefore, favors the entry of default judgment. *See Ramirez*, 2023 WL 4743050, at *6.

### 6.      Policy Favoring Decisions on the Merits

The seventh *Eitel* factor, which is the strong policy favoring decisions on the merits, weighs against default judgment.  In cases where the other *Eitel* factors weigh in favor of default judgment, the seventh factor will not be an impediment to granting default judgment.  *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate.").  Although the Court favors resolving cases on the merits after adversarial proceedings, it cannot force Defendants to participate.  *See North American Co. for Life and Health Ins.*, 2023 WL 4409570, at *5.

As set forth above, all of the *Eitel* factors with the exception of the seventh factor weigh in favor of default judgment.  The second and third factors, which are the most important, strongly favor default judgment.  Accordingly, the undersigned will recommend that Plaintiff's motion for default judgment against Defendants be granted.

### C.      Relief Requested

Having concluded that Plaintiff is entitled to default judgment, the undersigned must consider whether Plaintiff has established entitlement to the relief requested.  As noted above, Plaintiff previously filed a notice of application for writ of possession as to the three Trailers (Doc. 28), and the only requested remedy in the Motion is possession of the Trailers.

California Code of Civil Procedure § 512.010 allows a plaintiff to apply for a writ to recover property.  Such an application should be executed under oath and include:

(1) A showing of the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property claimed. If the basis of the plaintiff's claim is a written instrument, a copy of the instrument shall be attached.

(2) A showing that the property is wrongfully detained by the defendant, of the manner in which the defendant came into possession of the property, and, according to the best knowledge, information, and belief of the plaintiff, of the reason for the detention.

(3) A particular description of the property and a statement of its value.

(4) A statement, according to the best knowledge, information, and belief of the plaintiff, of the location of the property and, if the property, or some part of it, is within a private place which may have to be entered to take possession, a showing that there is probable cause to believe that such property is located there.

(5) A statement that the property has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure.

Cal. Civ. Proc. Code § 512.010(b).

Here, Plaintiff requests possession of the Trailers.  As described above, Plaintiff attaches the necessary documentation to the complaint and the Motion showing its right to possession of the Trailers and that Defendants are wrongfully possessing them.  *See Commercial Credit Grp. Inc.*, 2022 WL 8048993, at *3.  As for the first and third requirements under California Code of Civil Procedure § 512.010, Plaintiff provided a copy of the written agreement between the parties, in which Defendants assigned and granted Plaintiff a security interest and lien the three Trailers, which were specifically identified by VIN number and serial number.  (Compl. ¶¶ 1, 8, 12; Ex. 1 pp. 1–5; Ex. 2 at p. 1.)  Plaintiff also provided copies of the UCC Financing Statement filed pursuant to the agreement and each Trailer's Certificate of Title issued by the State of California listing Plaintiff as the registered lienholder.  (Compl. ¶ 9; Ex. 3 at pp. 1–2; Ex. 4 at pp. 1–3.)  The complaint also alleges that the Trailers have a combined approximate total value of $185,850 based on market comparisons for trailer models of similar type and age.  (Comp. ¶ 11.)  The undersigned finds that Plaintiff has satisfied the first and third requirements by showing its entitlement to possession of the Trailers, the basis of its claim, a particular description of the property, and a statement of its value. *See, e.g., Penske Truck Leasing Co., L.P.*, 2019 WL 6736905, at *5 (finding the plaintiff satisfied the first and third requirements by providing true and correct copies of the certificates of title for the

1  trucks, their vehicle identification numbers, and information regarding the trucks' rental value

2  through average monthly revenue for similar trucks).

3      As for the second and fourth requirements under California Code of Civil

4  Procedure § 512.010, Plaintiff submitted a declaration from Sonia Zahid, Plaintiff's Assistant Vice

5  President for Operations, which provided as follows: "Defendants are wrongfully withholding the

6  Trailers;" since the Trailers are "being used in interstate transportation of long distance trucking,

7  currently, [Plaintiff] is unaware of [their] location;" and Defendants continue to fail "to turn over

8  the property to [Plaintiff] or to provide [their] current location."  (Zahid Decl. ¶¶ 8, 10, 12.)  The

9  undersigned finds that Plaintiff has sufficiently satisfied the second and fourth requirements by

10  showing that the property is wrongfully detained by Defendants and describing the location of the

11  Trailers to the best of its knowledge.  *See, e.g., Penske Truck Leasing Co., L.P.*, 2019 WL 6736905,

12  at *5 ("Given [the defendant's] lack of responsiveness in this action, the Court finds [the plaintiff]

13  has satisfied the statutory requirement that it provide all possible information regarding the reason

14  for the trucks' detention.").  As for the fifth requirement, Sonia Zahid states that the Trailers have

15  not been taken for a tax, assessment, or fine pursuant to statute, and have not been seized under an

16  execution.  (Zahid Decl. ¶ 11.)  The undersigned finds that Plaintiff has successfully satisfied the

17  fifth requirement in providing a statement that the property has not been taken for a tax, assessment,

18  or fine.

19      In sum, Plaintiff has met all five requirements under California Code of Civil Procedure

20  § 512.010.  Because Plaintiff has established entitlement to the relief requested, the undersigned

21  recommends granting Plaintiff's application for writ of possession for the three Trailers (Doc. 28).

22  *See, e.g., MGSY Corp. v. LiveUniverse, Inc*., No. 09-CV-0570 GAF (AGRx), 2010 WL 11596708,

23  at *10 (C.D. Cal. Feb. 25, 2010) ("Having proved up the case on the merits [pursuant to a motion

24  for default judgment], and having established their right to the equipment, the Court agrees that the

25  issuance of a writ of possession is appropriate under the present circumstances."); *accord Ascentium*

26  *Cap., LLC v. Aero Transport, Inc*., No. 1:16-cv-1575-LJO-BAM, 2017 WL 1968335, at *5 (E.D.

27  Cal. May 12, 2017).

28

## V.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED THAT:

1.      Plaintiff's motion for default judgment against Defendants (Doc. 65) be granted;

2.      Plaintiff's application for writ of possession (Doc. 28) be granted; and

3.      The Clerk of Court close this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 22, 2023**                              */s/ Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE

12